**LITHOGRAPHERS AND PHOTOENGRAVERS INTERNATIONAL UNION, LOCAL NO. 14-L AFL-CIO, by Milton Williams, Trustee ad litem**

v.

**RITTENHOUSE PRESS, INC.**

Civ. A. No. 39823.

United States District Court
E. D. Pennsylvania.

Oct. 3, 1966.

Wilderman, Markowitz & Kirschner, Richard H. Markowitz, Philadelphia, Pa., for plaintiff.

Alvin H. Frankel, Philadelphia, Pa., for defendant.

## OPINION

KRAFT, District Judge.

The plaintiff (Union) requests summary judgment in its action to enforce an arbitration award rendered in favor of one of its members against the defendant (Employer).

The merits of the award are not attacked by defendant. However, the defendant does contend that, since the Union failed to exhaust three preliminary steps of the contract grievance procedure before arbitration, the arbitrator was without jurisdiction to consider and decide the merits of the grievance.

When the claim was submitted to the arbitrator, he carefully took measures to provide the Employer with adequate opportunity to appear and present its objections to the submission as violative of the procedure outlined in the contract. Despite postponements and sufficient notice to appear, the Employer steadfastly refused to participate in the proceedings for any purpose.

Thereafter, the arbitrator found that the Union had attempted to comply with the grievance procedure set forth in the contract, "but its request was not acknowledged or replied to." He concluded in his opinion as follows:

"The failure of the Company to respond to the Union's request for a meeting rendered futile further steps toward resolving the grievance, prior to going to arbitration."

Essentially, the Employer contends that the award must be set aside because of a grievance procedural default by the Union. We find no merit to this contention.

Whether or not the Union had complied with the contractual grievance procedure was itself a question of contract interpretation for the arbitrator. Radio Corp. of Amer. v. Association of Pro. Eng. Personnel, 291 F.2d 105, 110 (3 Cir. 1961). Any doubt concerning the power of an arbitrator to decide such questions was resolved by the United States Supreme Court in John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 556–559, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964).

In Wiley v. Livingston, the Court held that it was for the arbitrator to decide whether or not a dispute was ripe for arbitration, even though the contract grievance procedure, which provided for two steps preceding arbitration, had not been followed.

"Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration."

" * * *, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." John Wiley & Sons Inc. v. Livingston, supra, pp. 543, 557, 84 S.Ct. 909, p. 918.

We think that the Employer's reliance on Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965) is misplaced. Maddox, as an individual, bypassed the grievance procedure completely and filed a private suit

for breach of contract under the law of Alabama. The Court held that the federal labor policy required that an *individual employee* must "attempt" to use the contract grievance procedure, rather than resort to a private lawsuit.

"But unless the contract provides otherwise, there can be no doubt that the employee must afford the union the opportunity to act on his behalf." 379 U.S. p. 653, 85 S.Ct. p. 616.

### ORDER

Now, this 3rd day of October, 1966, it is ordered that:

1. The plaintiff's motion for summary judgment will be granted.

2. Summary judgment be, and it is, now entered in favor of the plaintiff and against the defendant for enforcement of the award of the arbitrator.